SIGNED.

Dated: October 29, 2008

*JAMES M. MARLAR*
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| WILLIAM J. O'CONNELL, | No. 4:05-bk-07616-JMM |
| Debtor. | **MEMORANDUM DECISION** |

The Debtor, William J. O'Connell, has filed a motion in this closed chapter 7 case, seeking an order requiring certain of his creditors, as well as various credit reporting agencies, to report that there is "no balance due" on certain debts discharged in his chapter 7 proceeding.

This matter was filed as a motion. The court need not reopen the case in order to dispose of this latest motion. *See In re Menk*, 241 B.R. 896, 904 (9th Cir. BAP 1999).

The relief requested by the Debtor cannot be granted, because there is no statutory or case law which grants the court the power to issue such an order.

The Debtor, understandably, misapprehends the legal effect of a discharge in bankruptcy. The distinction is rather subtle. A discharge does not "pay off" a prior debt, nor change the historic fact of an unpaid debt. A bankruptcy discharge does not change an unpaid debt into a "paid" one.

All that a bankruptcy discharge does, in "releasing" a debtor's personal liability is to bar a creditor's right to pursue such *in personam* mode of enforcing its debt. *See Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 331 (1934); *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991); *In re Lewis*, 506 F.3d 927, 932 (9th Cir. 2007); 11 U.S.C. § 524(a).

1       But what a debtor cannot escape is his or her own past history of unpaid debt. Those
2 blemishes remain on a debtor's credit record for a period of time, sometimes as long as ten years.
3       Thus, a creditor's derogatory remarks, to its credit bureaus, is not inaccurate if what
4 it is reporting are simply the <u>facts</u> of non-payment and prior delinquencies. The credit reporting
5 agencies are also, no doubt, picking up and reporting the bankruptcy proceedings and discharge.
6 Those are accurate portraits of an individual debtor's credit history, and of one's legal status in
7 relation to those debts..
8       Therefore, this court cannot order creditors, or credit reporting agencies, to change
9 their historic payment records of a debtor's accounts from "unpaid" to "paid."
10       Accordingly, an order will be entered which DENIES the Debtor's motion.

      DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification
Center ("BNC") to the following:

William J. O'Connell
Debtor

Stanley J. Kartchner
Trustee

Office of the U.S. Trustee